APPEAL NO. 10-15495-II
DISTRICT COURT NO. 6:08-cr-90-Orl-28DAB

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JONATHAN DAVID GHERTLER,
Defendant-Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____

BRIEF OF UNITED STATES OF AMERICA
CRIMINAL CASE

_____

ROBERT E. O'NEILL
United States Attorney

LINDA JULIN MCNAMARA
Assistant United States Attorney
Deputy Chief, Appellate Division

PEGGY MORRIS RONCA
Assistant United States Attorney
Appellate Division
Florida Bar No. 348570
501 W. Church Street, Suite 300
Orlando, Florida 32805
Telephone:    (407) 648-7500
Facsimile:    (407) 648-7643

December 20, 2011

<u>United States v. Jonathan David Ghertler</u>

Appeal No. 10-15495-II

**CERTIFICATE OF INTERESTED PERSONS**

**AND CORPORATE DISCLOSURE STATEMENT**

In addition to the persons and entities identified in the certificate of

interested persons and corporate disclosure statement in the principal brief filed by

Jonathan David Ghertler, the following persons have an interest in the outcome of

this case:

1.    McNamara, Linda Julin, Assistant United States Attorney,

Deputy Chief, Appellate Division; and

2.    Rhodes, David P., Assistant United States Attorney,

Chief, Appellate Division.

## STATEMENT REGARDING ORAL ARGUMENT

The United States does not request oral argument.  This Court should not grant oral argument because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.  <u>See</u> Fed. R. App. P. 34(a)(2)(C); 11th Cir. R. 34-3(b)(3).

**TABLE OF CONTENTS AND TABLE OF CITATIONS**

**PAGE NO.**

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

    DISCLOSURE STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C-1

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS AND TABLE OF CITATIONS.. . . . . . . . . . . . . . . . . ii

    TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

    TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

STATEMENT OF THE ISSUE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    COURSE OF PROCEEDINGS AND DISPOSITION IN THE

          COURT BELOW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    STATEMENT OF THE FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.    STATEMENT OF THE STANDARD OR SCOPE

          OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT AND CITATIONS OF AUTHORITY. . . . . . . . . . . . . . . . . . . . . . . 8

    THE DISTRICT COURT DID NOT ERR, PLAINLY OR

    OTHERWISE, BY FAILING TO STATE ADEQUATELY THE

    REASONS FOR ITS IMPOSITION OF A GUIDELINES-RANGE

    SENTENCE ON REMAND.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

CERTIFICATE OF SERVICE

# TABLE OF CITATIONS

**CASES CITED**                                              **PAGE NO.**

\* <u>Gall v. United States</u>,

    552 U.S. 38, 128 S. Ct. 586 (2007). . . . . . . . . . . . . . . . . . . . . . 10, 11, 14, 19

<u>Johnson v. United States</u>,

    520 U.S. 461, 117 S. Ct. 1544 (1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

\* <u>Puckett v. United States</u>,

    556 U.S. 129, 129 S. Ct. 1423 (2009).. . . . . . . . . . . . . . . . . . . . . . . 11, 13, 19

<u>Rita v. United States</u>,

    551 U.S. 338, 127 S. Ct. 2456 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>United States v. Aguillard</u>,

    217 F.3d 1319 (11th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

\* <u>United States v. Bonilla</u>,

    463 F.3d 1176 (11th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 16, 19

<u>United States v. Dale</u>,

    498 F.3d 604 (7th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>United States v. Davis</u>,

    329 F.3d 1250 (11th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>United States v. Ellisor</u>,

    522 F.3d 1255 (11th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

iv

\* United States v. Evans,

     395 F. App'x 617 (11th Cir. 2010), cert. denied,

     131 S. Ct. 1029 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

United States v. Garcia de Funcia,

     352 F. App'x 411 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Kitchen,

     370 F. App'x 74 (11th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Lynn,

     592 F.3d 572 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Machado-Gonzalez,

     391 F. App'x 842 (11th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Martinez,

     606 F.3d 1303 (11th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Olano,

     507 U.S. 725, 113 S. Ct. 1770 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

United States v. Parker,

     462 F.3d 273 (3d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Patterson,

     595 F.3d 1324 (11th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. Peltier,

      505 F.3d 389 (5th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Penson,

      526 F.3d 331(6th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Phelps,

      536 F.3d 862 (8th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

 United States v. Reed,

      391 F. App'x 857 (11th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Rivera-Gonzalez,

      626 F.3d 639 (1st Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Rodriguez,

      398 F.3d 1291 (11th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

United States v. Romero,

      491 F.3d 1173 (10th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Smith,

      459 F.3d 1276 (11th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Sorondo,

      845 F.2d 945 (11th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

United States v. Sylvester Norman Knows His Gun, III,

      438 F.3d 913 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Tamayo,

    80 F.3d 1514 (11th Cir. 1996)................................. 16, 17

United States v. Trejo-Visueth,

    377 F. App'x 942 (11th Cir. 2010)................................ 14

United States v. Verkhoglyad,

    516 F.3d 122 (2d Cir. 2008). .................................... 13

United States v. Williams,

    438 F.3d 1272 (11th Cir. 2006)................................. 9-11

United States v. Wilson,

    605 F.3d 985 (D.C. Cir.), cert. denied, 131 S. Ct. 841 (2010).......... 13

## STATUTES CITED

18 U.S.C. § 1343.................................................. 1

18 U.S.C. § 3231.................................................. ix

18 U.S.C. § 3553(a)............................................... 10, 15

18 U.S.C. § 3553(c)............................................... 15

18 U.S.C. § 3553(c)(1). ........................................... 15

18 U.S.C. § 3742(a)............................................... ix

28 U.S.C. § 1291.................................................. ix

## RULES CITED

11th Cir. R. 34-3(b)(3). ........................................... i

Fed. R. App. P. 34(a)(2)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Fed. R. App. P. 4(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ix

Fed. R. Crim. P. 52(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## STATEMENT OF JURISDICTION

This is an appeal from a final judgment of the United States District Court for the Middle District of Florida in a criminal case (on remand for resentencing). The district court entered judgment against Jonathan David Ghertler on November 22, 2010. Doc. 203 (corrected at Doc. 210). The district court had jurisdiction to enter the judgment pursuant to 18 U.S.C. § 3231. Ghertler filed a timely notice of appeal the same day. Doc. 204; see Fed. R. App. P. 4(b). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and authority to examine Ghertler's challenges to his sentence pursuant to 18 U.S.C. § 3742(a).

## STATEMENT OF THE ISSUE

WHETHER THE DISTRICT COURT ERRED, PLAINLY OR
OTHERWISE, BY FAILING TO STATE ADEQUATELY THE
REASONS FOR ITS IMPOSITION OF A GUIDELINES-RANGE
SENTENCE ON REMAND.

## STATEMENT OF THE CASE

**A.    COURSE OF PROCEEDINGS AND DISPOSITION IN THE
COURT BELOW**

A federal grand jury charged Jonathan David Ghertler by superseding
indictment with eight counts of wire fraud in violation of 18 U.S.C. § 1343.  Doc.
41.  Ghertler pled guilty to all counts without a plea agreement.  Docs. 54, 57; see
Doc. 85 at 1.  After a five-day sentencing hearing, the district court held Ghertler
accountable for frauds against 14 companies and ordered Ghertler to serve 185
months in the custody of the Bureau of Prisons ("BOP") on each count, the terms
to run concurrently.  Docs. 88, 91.

Ghertler appealed from his sentence in Appeal No. 09-10609.  Doc. 92.  He
challenged (1) the adequacy of the district court's stated reasons for its sentence,
(2) the two-level increase to his base offense level for abuse of trust, (3) the two-
level increase for using sophisticated means, (4) the court's consideration of seven
unindicted frauds to determine his offense level and guidelines range, and (5) the

1

reliability of the evidence the court had relied on in determining his sentence.  See

Doc. 133 (this Court's opinion and mandate in <u>United States v. Ghertler</u>, 605 F.3d

1256 (11th Cir. 2010)).  Upon consideration of the briefs and after oral argument,

this Court rejected Ghertler's challenges to the adequacy of the district court's

stated reasons for its sentence, the increase for using sophisticated means, the

district court's consideration of unindicted frauds, and the reliability of the

evidence the court had relied on in determining an appropriate sentence.  Doc. 133

(<u>Ghertler</u>, 605 F.3d at 1262-71).  This Court, however, held that the district court

had erred by applying a two-level increase for abuse of trust, <u>id.</u> at 1264-65, and,

therefore, affirmed the sentence "in part, vacated [it] in part," and remanded the

case "for resentencing consistent with [its] opinion," <u>id.</u> at 1271.

On remand, the district court reduced Ghertler's offense level by two, in

accordance with this Court's opinion and mandate, and ordered Ghertler to serve

162 months in BOP custody.  Doc. 210 at 2; Doc. 217 at 2-3.  This appeal

followed.  Doc. 204.

## B.    STATEMENT OF THE FACTS

Between July 2006 and December 2007, and while on supervised release for

another fraud conviction in the Southern District of New York, Ghertler

perpetrated a series of remarkably successful frauds on large corporations and law

firms.  Presentence Investigation Report ("PSR") ¶¶ 5-34, 66-68.  Ghertler would

2

first research companies and the names of their officers on the Internet.  PSR ¶¶ 5-
34.  He then would telephone the company, identify himself as (and actually
impersonate) a high-ranking company official (often, the general counsel), and
claim that he needed an immediate cash transfer to resolve an urgent matter
(usually, the settlement of a fictitious lawsuit).  Id.  He either would give verbal
instructions regarding the distribution of funds or would fax letters or memoranda
over a forged signature authorizing the transfers and providing instructions.  Id.
At times, the funds were transferred directly to Ghertler.  Id.  On other occasions,
would Ghertler use unwitting couriers to pick up and deliver the proceeds of the
frauds.  Id.  Sometimes he used the funds wired into the accounts of unwitting
third parties, who then transferred the cash proceeds to him.  Id.  Ghertler
committed frauds against 14 companies from which he obtained close to $1
million.  Id.

In the midst of his criminal activity, Ghertler was arrested in January 2007
based on a complaint stemming from a November 2006 fraud (that ultimately was
included in the indictment in this case).  Doc. 1; see docket entry following Doc.
6; PSR ¶ 23.  After a United States Magistrate Judge released him on a $50,000
surety bond, Docs. 9, 10; PSR ¶¶ 23, 36, and while on supervised release from his
New York federal conviction, Ghertler absconded, PSR ¶¶ 23, 66.  Ghertler was
arrested in New Mexico in January 2008.  Docs. 15-16; PSR ¶¶ 23-34.

3

In June 2008, Ghertler was in jail in connection with this case. Doc. 16. During that time, someone attempted to defraud IBM using a scenario similar to the scheme involved in this case–the caller impersonated a member of IBM's legal department, mentioned the name Mark Loughridge (Chief Financial Officer for IBM) to gain the trust of the person he had called, and explained that he needed money for a settlement in a legal case against IBM. Doc. 126 at 112-13. Recordings of phone calls from the jail in June 2008 established that Ghertler had had conversations with someone outside the jail ("Bubba") in which Ghertler instructed Bubba to look up certain names on the Internet that were connected with IBM–in particular, Mark Loughridge–and to get the phone number for the corporate headquarters in New York. Doc. 126 at 6-18; Doc. 126 at 110-14; Gov't Exs. 47, 48.

Ghertler has a history of theft, forgery, and burglary dating back to 1982. PSR ¶¶ 53-65, 73-78. In 1995, he was convicted of nine counts of wire fraud (based on a scheme similar to the one he used in this case) in the Northern District of Alabama, and the court sentenced him to serve 30 months in prison. PSR ¶ 63. Afterward, Ghertler violated the conditions of his supervised release by committing a new fraud-related crime. PSR ¶¶ 63-64. In 2001, in the Southern District of New York, Ghertler used the same type of fraudulent scheme as he had

4

used in 1995, and later used in this case, and the district court in New York

sentenced Ghertler in 2004 to serve 71 months in prison.  PSR ¶ 66.

During the December 17, 2009 sentencing hearing, the district court

calculated Ghertler's total offense level at 29, his criminal history category at VI,

and his United States Sentencing Guidelines range at 151 to 188 months in prison.

Doc. 112 at 17, 20; PSR ¶¶ 40-50, 70.  In asking for a sentence at the high end of

the range, the prosecutor pointed to the impact Ghertler's crimes had had on

employees of the victimized companies (some of whom suffered demotion and

loss of reputation, e.g., Doc. 125 at 133; Doc. 126 at 101; Doc. 112 at 22-25) and

on unwitting agents of Ghertler (e.g., Jesse Nieves, the 20-year-old courier who

initially had been arrested for assisting in one of the frauds, spent a night in jail,

lost his job, now has a criminal arrest record, and has incurred approximately

$8500 in legal fees and costs, Doc. 125 at 147-50; Doc. 112 at 43-44).  Doc. 112

at 22-24.  Describing Ghertler as a con artist, the prosecutor reminded the court of

Ghertler's post-arrest statement that he cannot stop committing crimes and

directed the court's attention to the fact that Ghertler continued with his criminal

activities even from jail.  Doc. 112 at 25-26.

Ghertler's counsel simply asked the court to impose a sentence at the

bottom of the guidelines range.  Doc. 112 at 20.  Ghertler asked only for

placement in a facility with a culinary program.  Doc. 112 at 21.

The district court ordered Ghertler to spend 185 months in prison.  Doc. 112 at 26.  Recognizing the parties' arguments and having reviewed the PSR, Doc. 112 at 26, the court acknowledged that the guidelines range exceeded 24 months and said, "[A]fter considering the advisory sentencing guidelines and all other factors identified in [section 3553(a)(1)-(7)], the court finds that the sentence imposed is sufficient but not greater than necessary to comply with the satisfactory [sic] purposes of sentencing."  Doc. 112 at 28-29.  The court said, "[t]he record speaks for itself," but went on to note that Ghertler had "attempted to continue criminal activity using communication devices while in confinement."  Doc. 112 at 29.  Speaking to Ghertler, the court said:  "[I]t's mind boggling to hear of how you perpetrated these crimes.  You have to have tremendous insight. . . .  You could be a wealthy man, you know, having a career in sales. . . .  [I]f you get out and you're still committed to this course of action, you know, it only gets worse.  You're already a category six."  Doc. 112 at 30.

As discussed above, Ghertler appealed that sentence.  Doc. 92.  This Court rejected Ghertler's challenge to the adequacy of the district court's stated reasons for its sentence (among other things) but held that the district court had erred by applying a two-level increase for abuse of trust.  Doc. 133 (Ghertler, 605 F.3d at 1262-63).  This Court remanded the case for the sole purpose of resentencing Ghertler without the guidelines increase for abuse of trust.  Id. at 1271.

6

Ghertler's original 185-month sentence had been near the top of the advisory guidelines range of 151 to 188 months.  <u>See</u> Doc. 112 at 17, 20.  At the resentencing hearing, the district court noted that "[t]his case is back . . . as a result of the mandate issued by the 11th Circuit Court of Appeal and the Court is prepared to impose sentence pursuant to that mandate."  Doc. 217 at 2.  Subtracting the two points for abuse of trust, the court determined that Ghertler's new offense level was 27 and his new guideline range was 130 to 162 months.  Doc. 217 at 2.  Ghertler raised no objection and agreed to proceed to sentencing.  Doc. 217 at 2-3.

The court then "committed [Ghertler] to the custody of the Bureau of Prisons to be imprisoned for a term of 162 months" on each count, with the terms to run concurrently.  Doc. 217 at 3.  The court explained that "the term of imprisonment was the only aspect of sentencing implicated by the Appellate Court," and Ghertler agreed.  Doc. 217 at 3.  The court also announced that, "in all other aspects, the sentence remains the same [and] . . . [a]ll . . . other pronouncements made remain in effect."  Doc. 217 at 4-5.  As it had done in the original judgment, Doc. 91, the court included in the written statement of reasons for the sentence:  "After considering the advisory sentencing guidelines and all other factors identified in [18 U.S.C. §] 3553(a)(1)-(7), the Court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the

7

satisfactory [sic] purposes of sentencing," Doc. 210 (Statement of Reasons–Part VIII).

## C.    STATEMENT OF THE STANDARD OR SCOPE OF REVIEW

This Court ordinarily reviews for abuse of discretion the procedural reasonableness of a sentence.  See United States v. Ellisor, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008).  This Court, however, will review only for plain error a sentencing argument that a defendant failed to raise in the district court.  United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).  As discussed below, the plain-error standard applies to Ghertler's procedural reasonableness argument.

## SUMMARY OF THE ARGUMENT

The United States Supreme Court has abrogated this Court's precedents that established a de novo standard of review for complaints about the adequacy of the district court's stated reasons for its sentence even absent an objection.  Therefore, this Court should review Ghertler's newly-raised challenge to the procedural reasonableness of his sentence only for plain error.

Ghertler has not shown an error, plain or otherwise.  The record, in its entirety, shows that the court explained its reasons for Ghertler's sentence at the original sentencing hearing and adopted those reasons and considerations at the resentencing.  The court, therefore, met its obligation to explain the sentence imposed.  Moreover, Ghertler fails to demonstrate how the alleged error caused

him prejudice.  The purpose of requiring the district court to state the reasons for its sentence, in part, is to allow for meaningful appellate review.  Yet, Ghertler does not challenge his 162-month sentence on any ground.  So, regardless of the standard of review this Court applies, Ghertler is not entitled to remand for a more specific statement of reasons.

## ARGUMENT AND CITATIONS OF AUTHORITY

## THE DISTRICT COURT DID NOT ERR, PLAINLY OR OTHERWISE, BY FAILING TO STATE ADEQUATELY THE REASONS FOR ITS IMPOSITION OF A GUIDELINES-RANGE SENTENCE ON REMAND.

Ghertler contends, for the first time on appeal, that the district court procedurally erred by failing to state its reasons adequately for the sentence it imposed on remand.  Ghertler's brief at 4-5.  Ghertler, however, is not entitled to a remand based on this complaint, regardless of the standard of review this Court applies.

### A.    PLAIN ERROR REVIEW SHOULD APPLY

United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006), United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006), and other precedents of this Court have established a de novo standard of review regarding the district

9

court's compliance with section 18 U.S.C. § 3553(c) even absent an objection by the defendant.  Gall v. United States, 552 U.S. 38, 128 S. Ct. 586 (2007), however, has abrogated those precedents.

Pre-Gall, this Court applied a de novo standard of review to a district court's failure to state the reasons for a particular guidelines-range sentence (even absent an objection) because this Court's "focus" was "on the 'sufficiency' of the court's conduct at sentencing, not that of the defendant," and it held that, "'when a sentencing court fails to comply with [the section 3553(c)(1)] requirement, the sentence is imposed in violation of the law.'"  E.g., Williams, 438 F.3d at 1274 (quoting United States v. Veteto, 920 F.2d 823, 826 (11th Cir. 1991)) (emphasis omitted).  The Supreme Court, however, views the same error as just one of many procedural errors for which an abuse-of-discretion standard of review applies.  See Gall, 552 U.S. at 51, 128 S. Ct. at 597.

In Gall, the Supreme Court held that an "appellate court must review [a challenged] sentence under an abuse-of-discretion standard," and that, in doing so, "must first ensure that the district court committed no significant procedural error."  552 U.S. at 51, 128 S. Ct. at 597.  The Court explained that a district court procedurally errs if it improperly calculates the sentencing guidelines range, treats the sentencing guidelines as mandatory, fails to consider the section 3553(a) factors, bases the sentence on clearly erroneous facts, *or fails to adequately*

10

*explain the sentence*. Id. Gall, therefore, has undermined Williams's de novo

standard to the point of abrogation.

Based on Gall, this Court ordinarily should review for abuse of discretion

whether a district court procedurally erred by failing to state the reasons for a

sentence adequately. See 552 U.S. at 51, 128 S. Ct. at 597. Ghertler, however, did

not object to any such failure in the district court and, therefore, this Court should

review his complaint only for plain error.

The Supreme Court and this Court consistently have emphasized that the

plain-error standard of review applies to unpreserved contentions of non-structural

errors. See, e.g., Puckett v. United States, 556 U.S. 129,[1] 129 S. Ct. 1423, 1428

(2009) (if error is not properly preserved, appellate court's authority to remedy it

"is strictly circumscribed"); Johnson v. United States, 520 U.S. 461, 466-67, 117

S. Ct. 1544, 1548-49 (1997) (Fed. R. Crim. P. 52, by its terms, governs direct

appeals from judgments of conviction in the federal system; seriousness of

claimed error does not remove consideration of it from ambit of the rule); United

States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005); United States v.

Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). And, this Court has made clear

that the plain-error standard of review applies in the sentencing context just as it

---

[1]Page numbers are not yet available.

11

does in any other criminal context.  See, e.g., United States v. Patterson, 595 F.3d 1324, 1326 (11th Cir. 2010) (plain-error standard applies to unpreserved argument that district court miscalculated loss amount for sentencing guidelines purposes); Rodriguez, 398 F.3d at 1297-98 (plain-error standard applies to unpreserved argument that district court applied sentencing guidelines in mandatory fashion).

There is compelling justification for plain-error review in any context:  to enforce the requirement that parties timely object to give the district court an opportunity to correct any error and thereby avoid the cost of reversal.  United States v. Sorondo, 845 F.2d 945, 948-49 (11th Cir. 1988).  The Supreme Court has elaborated:

> If an error is not properly preserved, appellate-court authority to remedy the error . . . is strictly circumscribed.  There is good reason for this; anyone familiar with the work of courts understands that errors are a constant in the trial process, that most do not much matter, and that a reflexive inclination by appellate courts to reverse because of unpreserved error would be fatal.
>
> This limitation on appellate-court authority serves to induce the timely raising of claims and objections, which gives the district court the opportunity to consider and resolve them.  That court is ordinarily in the best position to determine the relevant facts and adjudicate the dispute.  In the case of an actual or invited procedural error, the district court can often correct or avoid the mistake so that it cannot possibly affect the ultimate outcome.  And of course the contemporaneous-objection rule prevents a litigant from 'sandbagging' the court—remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor.

Puckett, 129 S. Ct. at 1428 (internal quotation marks and citations omitted).

With respect to the particular procedural reasonableness argument that a district court failed to state the reasons for a sentence, the First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and District of Columbia Circuits have held that the plain-error standard of review applies if the party challenging the sentence contends that the district court failed to explain adequately its reasons for the sentence imposed but did not assert that claim in the district court.  See United States v. Rivera-Gonzalez, 626 F.3d 639, 646 (1st Cir. 2010); United States v. Wilson, 605 F.3d 985, 1034-35 (D.C. Cir.), cert. denied, 131 S. Ct. 841 (2010); United States v. Lynn, 592 F.3d 572, 575-77 (4th Cir. 2010); United States v. Phelps, 536 F.3d 862, 865-66 (8th Cir. 2008); United States v. Penson, 526 F.3d 331, 336-37 (6th Cir. 2008); United States v. Verkhoglyad, 516 F.3d 122, 127-28 (2d Cir. 2008); United States v. Peltier, 505 F.3d 389, 391-92, 394 (5th Cir. 2007); United States v. Romero, 491 F.3d 1173, 1177-78 (10th Cir. 2007); United States v. Parker, 462 F.3d 273, 278 (3d Cir. 2006); United States v. Sylvester Norman Knows His Gun, III, 438 F.3d 913, 918 (9th Cir. 2006).  But see United States v. Dale, 498 F.3d 604, 610 n.5 (7th Cir. 2007) ("defendant need not object to his sentence on the grounds that it is unreasonable to preserve appellate review for reasonableness").

13

This Court too has recognized since Gall that the plain-error standard of review applies to the unpreserved argument that the district court failed to state the reasons for a sentence, albeit in unpublished opinions.  See, e.g., United States v. Reed, 391 F. App'x 857, 860 (11th Cir. 2010); United States v. Kitchen, 370 F. App'x 74, 78 & n.2 (11th Cir. 2010); United States v. Garcia de Funcia, 352 F. App'x 411, 413-14 (11th Cir. 2009); cf. United States v. Machado-Gonzalez, 391 F. App'x 842, 844 (11th Cir. 2010) (plain-error standard applies to unpreserved procedural unreasonableness argument that district court failed to consider section 3553(a) factors); United States v. Trejo-Visueth, 377 F. App'x 942, 944 (11th Cir. 2010) (plain-error standard applies to unpreserved argument that district court failed to provide written statement of reasons for upward variance from sentencing guidelines range).

The compelling justification for plain-error review–to enforce the requirement that parties timely object to give the district court an opportunity to correct any error and thereby avoid the cost of reversal, Sorondo, 845 F.2d at 948-49–is well served by application of plain-error review to the unpreserved argument that the district court failed to state the reasons for a sentence, and, moreover, such application would not create unnecessary burden for anyone.  If, at a sentencing hearing, a district court failed to state the reasons for a sentence, or failed to do so adequately, either party could object to such failure then and there

14

(just as that party would with any other sentencing objection), and the court could respond to the objection as it deems appropriate at that time (just as it would with any other sentencing objection).  If the court adequately remedied the articulated deficiency, an appeal like this one–and the concomitant expenditures of party and judicial resources–would be avoided.

For these reasons, this Court should review only for plain error Ghertler's unpreserved complaint that the district court imposed a procedurally unreasonable sentence allegedly by failing to state adequately the reasons for the sentence imposed on remand.  Under the plain-error standard of review, this Court will not reverse unless the district court erred and the error was plain, affected the defendant's substantial rights, and seriously affected the fairness, integrity, or public reputation of the judicial proceedings.  United States v. Smith, 459 F.3d 1276, 1283 (11th Cir. 2006).  Ghertler has not shown any of those prerequisites, as discussed more fully below.

## B.    REVERSAL IS NOT WARRANTED

The sentencing court shall state "the reasons for its imposition of the particular sentence" and "the reason for imposing a sentence at a particular point within the range."  18 U.S.C. § 3553(c) and (c)(1).  The court need not recite specific language or specifically refer to the factors set forth in section 3553(a), and the entire sentencing hearing may be considered in determining whether the

district court's reason is adequately reflected in the record.  See United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006).  When the court imposes a guidelines-range sentence, a "lengthy explanation" is not necessarily required.  See Rita v. United States, 551 U.S. 338, 356, 359, 127 S. Ct. 2456, 2468-69 (2007) (because sentencing judge and Sentencing Commission carry out "the same basic § 3553(a) objectives," a sentence within the guidelines range is a strong indication that the sentence is a reasonable one, and "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation").

Ghertler has not shown an error in this regard, plain or otherwise.  The resentencing in this case was not a de novo resentencing.  See Doc. 133 (United States v. Ghertler, 605 F.3d 1256, 1271 (11th Cir. 2010) (affirming sentence "in part, vacat[ing it] in part," and remanding "for resentencing consistent with [its] opinion")); see also United States v. Martinez, 606 F.3d 1303, 1304 (11th Cir. 2010) (reviewing court may limit issues for review on remand as it deems appropriate); United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003) (if appellate court issues limited mandate, trial court "restricted in the range of issues it may consider on remand").  Because this Court remanded Ghertler's case for the sole purpose of removing the abuse-of-trust enhancement, the remand was limited, and most of the district court's earlier rulings remained intact.  See United States

16

v. Tamayo, 80 F.3d 1514, 1519-20 (11th Cir. 1996) (although original sentence was vacated, entire sentencing package was not to be revisited on remand because appellate court limited resentencing to one specific issue).  In essence, this Court instructed the district court simply to impose the sentence it would have imposed at the original sentencing hearing without the abuse-of-trust enhancement.  All other aspects of the original sentencing–which necessarily included the court's statement of reasons for its sentence near the top of the guidelines range–remained the same.  See id.

At the original sentencing hearing, the court listened to the parties' arguments, considered the extensive record evidence from the five-day sentencing hearing (e.g., Docs. 125 through 128; PSR), and knew of its obligation to state the reasons for its sentence.  E.g., Doc. 112 at 4-30.  In addition to stating that the sentence it was imposing was sufficient but not greater than necessary to comply with the purposes of sentencing, Doc. 112 at 28-29, the court specifically referred to Ghertler's criminal history (which included two prior federal fraud convictions based on similar schemes, in addition to numerous thefts, forgeries, and burglaries, PSR ¶¶ 53-65, 73-78), remarked that Ghertler had tried to continue his criminal activity even from jail, and noted that Ghertler has talents that he could have used legitimately, Doc. 112 at 29-30.  In Ghertler's first appeal, this Court upheld the

district court's statement of reasons for its sentence near the top of the original guidelines range.  Doc. 133 (Ghertler, 605 F.3d at 1262-63).

On remand, the district court understood that the limited purpose of the remand was to remove the two-level increase for abuse of trust and to modify the sentence to account for the absence of that finding.  E.g., Doc. 217 at 2-3 (determining the guidelines range without the increase, explaining that "the term of imprisonment was the only aspect of sentencing implicated by the Appellate Court," and stating that "[a]ll other aspects" of the sentence remained the same).  Consistent with that understanding, the court reduced Ghertler's sentence only enough to account for the absence of an abuse-of-trust enhancement and expressly adopted all "pronouncements" it had made at the original sentencing hearing.  Doc. 217 at 4-5 ("in all other aspects, the sentence remains the same [and] . . . [a]ll . . . other pronouncements made remain in effect").

The district court, thus, explained its reasons for Ghertler's sentence at his original sentencing hearing (as discussed above) and reaffirmed those reasons and considerations at the resentencing hearing by adopting all of its prior pronouncements.  The sole reason for the sentence reduction on remand necessarily related to the removal of the abuse-of-trust enhancement and did not otherwise affect the court's reasons for a sentence at the top of the guidelines range.  The record as a whole, therefore, adequately reflects the district court's

reasons for the sentence it imposed.  See Bonilla, 463 F.3d at 1181 (entire

sentencing hearing may be considered in determining whether court's reason is

adequately reflected in record); United States v. Evans, 395 F. App'x 617, 619

(11th Cir. 2010) (district court "sufficiently stated its reasons for the sentence

imposed" on remand where court had offered sufficient reasons at the original

sentencing and then "reaffirm[ed]" and "reincorporat[ed]" those reasons at the

resentencing hearing), cert. denied, 131 S. Ct. 1029 (2011).

Ghertler also fails to demonstrate how the alleged error prejudiced him.  The

purpose of requiring the district court to state the reasons for its sentence is to

allow for meaningful appellate review and to promote the perception of fair

sentencing.  Gall, 552 U.S. at 50, 128 S. Ct. at 597.  Because Ghertler does not

challenge his 162-month sentence on any ground, this Court need not review the

sentence imposed on remand.  Any error by the district court in failing to reiterate

its reasons for the sentence it imposed, therefore, is harmless under a preserved-

error standard[2] and does not affect Ghertler's substantial rights under a plain-error

standard.[3]  Thus, regardless of the standard of review this Court applies, Ghertler

_____

[2]See Puckett, 129 S. Ct. at 1432 (noting that procedural errors at sentencing
are routinely subject to harmlessness review).

[3]The difference between the preserved and plain error prejudice prongs lies
only in which party has the burden to demonstrate prejudice or lack thereof.  See
United States v. Olano, 507 U.S. 725, 734-35, 113 S. Ct. 1770, 1777-78 (1993).

is not entitled to remand for a more specific statement of reasons. <u>See</u> Fed. R.

Crim. P. 52(a) (errors that do not affect substantial rights "must be disregarded").

## CONCLUSION

The United States requests that this Court affirm the judgment and sentence

of the district court.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney

LINDA JULIN MCNAMARA
Assistant United States Attorney
Deputy Chief, Appellate Division

By:

PEGGY MORRIS RONCA
Assistant United States Attorney
Appellate Division
Florida Bar No. 348570
501 W. Church Street, Suite 300
Orlando, Florida  32805
Telephone:  (407) 648-7500
Facsimile:   (407) 648-7643

December 20, 2011

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4597 words, excluding the parts of the brief exempted by 11th Cir. R. 32-4.

21

## CERTIFICATE OF SERVICE

I certify that on December 20, 2011, via United States mail, a copy of this

brief was served on:

Elaine Mittleman, Esquire
2040 Arch Drive
Falls Church, VA  22043

Counsel for Ghertler

_____
PEGGY MORRIS RONCA
Assistant United States Attorney